### Maggie J. Rettig, Appellee, v. Southern Illinois National Bank, Appellant.

BANKS AND BANKING—*what does not estop depositor from claiming mistake in balance.* The failure of a depositor to examine his pass-book within a reasonable time after it has been balanced, does not estop him from subsequently showing the incorrectness of the balance as given by the bank.

*Assumpsit.* Appeal from the City Court of East St. Louis; the Hon. W. J. N. MOYERS, Judge, presiding. Heard in this court at the August term, 1908. Reversed and remanded. Opinion filed March 4, 1909.

WISE, MCNULTY & KEEFE, for appellant.

D. J. SULLIVAN, for appellee.

MR. JUSTICE CREIGHTON delivered the opinion of the court.

This was a suit, in the City Court of East St. Louis,

by appellee against appellant, to recover an alleged balance due appellee upon a deposit of money made by her in appellant's bank. Trial by jury. Verdict and judgment in favor of appellee for $200.

On the 31st of January, 1907, appellee deposited in appellant's bank $1,600. The deposit was made subject to a check and appellee was given a pass-book. She drew checks from time to time which were paid by appellant, and on the 28th day of June, 1907, her pass-book was balanced and the checks returned to her, enclosed in the pass-book. At that time the pass-book showed a balance to her credit of $595. She continued to draw checks which were all duly paid, and her pass-book was again balanced on the 4th day of September, 1907, the pass-book and checks being returned to her as before. This time the balance to her credit was $405. No objections were made to the account or the balances shown in the pass-book until sometime in November, 1907, when appellee appeared with her pass-book at appellant's bank and claimed that three items had been improperly charged against her, viz: One check, date March 25, 1907, for $175, one June 22, for $15, both embraced in the first balancing of the pass-book, and one June 29, for $10, embraced in the second balancing.

While we agree with counsel for appellant, that appellee did not examine her pass-book and make objections or complaint to appellant within a reasonable time after the book was balanced and returned to her, we also agree with counsel for appellee, that she was not thereby conclusively estopped or barred. The statement of the law by counsel for appellee is substantially correct as we understand it to be held by the courts of this State, and is as follows: "Where a depositor fails to examine his pass-book within a reasonable time after the same has been balanced by the bank and returned to him, he will not be estopped from showing error in his account, but his neglect

will place the burden on him to show that the balance as returned is not correct."

While we cannot hold that there is no evidence in this record tending to prove that the balances shown and returned to appellee, in her pass-book, were not correct, it does appear to us that she has fallen quite short of discharging the full burden which the law in such cases imposes upon her, especially as to some of the items embraced in her claim and in the verdict returned by the jury. To our minds the weight of the evidence so greatly preponderates in favor of the correctness of the balances, as stated in the pass-book, as to make it our duty to reverse the judgment of the trial court and remand the case.

The judgment of the City Court of East St. Louis is reversed and the cause remanded.

*Reversed and remanded.*